IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julius Irick Gilyard, #256932, | ) | C/A No.:  3:10-1167-JFA-JRM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Julius Gilyard, is an inmate with the South Carolina Department of Corrections.  He brings this action pursuant to 28 U.S.C. § 2254 challenging his 1999 State court conviction and sentence.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2]  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a full recitation.

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on June 16, 2011.  The petitioner filed timely objections which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

PROCEDURAL HISTORY

Petitioner was indicted in the Lexington County Court of General Sessions for burglary in the first degree, petit larceny, and assault with intent to commit first degree criminal sexual conduct (CSC). The charges of the indictment involved the petitioner's assault and attempted rape of an elderly woman and burglary of her purse at her home. At trial, the jury found the defendant guilty and the state court sentenced him to 38 years for burglary with concurrent sentences of 25 years for assault with intent to commit CSC, and 30 days for petit larceny.

*Post Trial Proceedings*

The defendant/petitioner filed a direct appeal of his conviction and his counsel filed an *Anders* brief.[3] The petitioner also filed a *pro se* brief. The South Carolina Court of Appeals dismissed the petitioner's appeal on November 17, 2000.

Petitioner filed an application for Post Conviction Relief (PCR) and an evidentiary hearing was held. The PCR court's order denying the application for PCR was filed on October 22, 2007. A motion to alter or amend the PCR under Rule 59(e) SCRCP was filed by the petitioner, through counsel, and subsequently dismissed on December 10, 2007.

A petition for writ of certiorari was filed raising various claims of ineffective assistance of counsel and the validity of the search warrants. The South Carolina Supreme Court denied the petition and the remittitur was returned on April 23, 2010.

---

[3] *Anders v. California*, 386 U.S. 738 (1967)

2

STANDARD OF REVIEW

*Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

*Ineffective Assistance of Counsel*

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that

3

counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668, 687– 692 (1984). The petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct of the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id*. at 689. As the *Strickland* Court observed: It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight . . .*Id.* at 689.

While the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## The AEDPA and 28 U.S.C. § 2254

Petitioner filed his petition in this court on May 14, 2010. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1). The respondent concedes that the petition was filed within the

4

one-year statute of limitations period, but that some of the grounds are procedurally barred.

The standard of review to be applied "is quite deferential to the rulings of the state courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication:

(1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or

(2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)."

*Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. See *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). When assessing the reasonableness of the state court's application of federal law, the federal courts are to review

5

the result that the state court reached, not whether its decision was well reasoned. *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

In his Report and Recommendation, the Magistrate Judge suggests that the petitioner's claims are without merit, and that the respondent's motion for summary judgment should be granted. The court has carefully reviewed the record and the petitioner's objections to the Report and agrees with the Magistrate Judge's reasoning and conclusions as discussed below.

## PETITIONER'S GROUNDS FOR RELIEF

The Magistrate Judge concludes that the only claim of ineffective assistance of counsel that is properly before this court is petitioner's claim that counsel failed to object to the victim's statements that he should testify. The other claims of ineffective assistance of counsel are procedurally barred and will not be considered on the merits by the Court.

As to petitioner's claim that counsel was ineffective for failing to object to the victim's testimony that petitioner should testify at trial. The Magistrate Judge has reviewed the decision of the PCR court under the *Strickland* standard and finds the state's ruling was not contrary to nor did it involve an unreasonable application of *Strickland*. This court agrees and finds that petitioner is not entitled to relief on this claim.

The Magistrate Judge also properly suggests that the petitioner cannot show cause or prejudice or a miscarriage of justice so as to obtain relief from his other defaulted or barred claims.

*The Petitioner's Objections to the Report and Recommendation*

In his objections to the Report, the petitioner makes a blanket contention that he has suffered a miscarriage of justice because he is not experienced in the complex areas of the law and thus, without counsel to assist him in this litigation it is a further miscarriage of justice.

He next contends that the Report lacks critical facts from the record of the proceedings as a whole in an attempt to establish cause and prejudice to overcome the procedural bar. He contends that the original PCR judge continued his 2003 PCR hearing until the next term of court to leave the record open for additional evidence. During that pending time, the PCR judge suffered a tragic death and a new PCR judge was appointed to handle the case. Also, the attorney who originally worked with the petitioner on his PCR application ceased employment with the State. Thus, the petitioner contends that this amounted to an abandonment of his case for nearly two years. He was subsequently granted another PCR hearing in June 2007. The court finds no grounds for error due to those developments.

As to the one issue that is properly before this court, the petitioner contends that the PCR court misapplied the *Strickland* test. However, the Magistrate Judge concludes otherwise and this court agrees with the Magistrate Judge's finding.

In the PCR court's order of dismissal filed October 22, 2007 (which was before the ruling in *Marlar v. State* 375 S.C. 407 (2007)), the only issue addressed in the PCR court's order was whether counsel was ineffective for failing to suppress because a non-judicial officer issued the search warrant. However, the order was not final because petitioner filed

a Rule 59 Motion on November 12, 2007, *after* the *Marlar* decision was handed down. Respondent made its return to the motion to alter or amend on November 26, 2007. The court then subsequently entered a supplemental order of dismissal on December 12, 2007.

Respondent submits that *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009) is not applicable to this case because petitioner chose to and did file a Rule 59 Motion after the *Marlar* decision. Also, the Rule 59 motion was filed by collateral counsel who was on notice of the *Marlar* decision; the petitioner did not raise this issue in the Rule 59 motion; and the supplemental order was entered in December 2007, after the *Marlar* decision.

The PCR Court found and concluded petitioner had not established any constitutional violations or deprivations that would require the court to grant his application. Therefore, the application for PCR was denied and dismissed with prejudice. The state court advised petitioner that he must file and serve a notice of intent to appeal within 30 days of the receipt of the order to secure appropriate appellate review. *See* Rule 203, SCACR.

In petitioner's Rule 59(e) motion to alter or amend the order of dismissal, the petitioner sought a ruling from the PCR court on the following issues:

(1)   Petitioner's allegation that his previous public defender was ineffective in losing a preliminary hearing tape recording;

(2)   Petitioner's trial counsel was ineffective in failing to object to comments of the trial judge that petitioner alleged were improper bolstering of the State's witnesses, but were not contained within the trial transcript according to petitioner's collateral counsel; and

(3)   Petitioner's allegation of ineffective assistance of appellate counsel alleging she was ineffective in failing to include in the transcript the extraneous comments mentioned in paragraph (2).

8

On December 10, 2007, the PCR Court entered a supplemental order of dismissal. As to the first issue raised in the Rule 59 Motion, the state court found petitioner submitted no evidence as to what the contents of the tape recording of the preliminary hearing, and therefore petitioner failed to meet his burden of proof to show the tape recording contained evidence favorable to him. The court held it was not sufficient for petitioner to simply state the evidence would have been favorable to him.

As to the next two issues raised in the Rule 59 Motion, the court found petitioner was, in essence, alleging that Judge Peeples made certain comments at trial that were not included in the transcript and that appellate counsel was ineffective for failing to raise that issue on appeal. The PCR court found petitioner's testimony on these two issues was not particularly credible and found that the PCR judge did not make such statements, and that somehow those statements were not part of the record. Accordingly, the PCR court found there was no error in appellate counsel failing to raise this issue on appeal. The PCR Court found and concluded Petitioner had not established any constitutional violations or deprivations that would require the court to grant his application with respect to these, or any other issues before the court. The court also found that this order should supplement and be made part of its original order dated October 18, 2007.

## CONCLUSION

The court has carefully made a de novo review of the petitioner's objections to the Report and determines that they are merely repetitive of those arguments raised in his original petition, and therefore, the objections are overruled.

For the foregoing reasons, the court adopts the Report and Recommendation and incorporates the same herein by reference. The motion by the respondent for summary judgment is granted (ECF No.18), and this action is dismissed with prejudice.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 30, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).